IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS BANKS, | : | |
| | : | |
| Plaintiff, | : | Case No. 4: 04-CV-764 |
| | : | |
| v. | : | |
| | : | |
| DEBRA PERCHER, CONNIE FRETZ, and PRIME CARE, | : | (Judge McClure) |
| | : | |
| Defendants. | : | |

**O R D E R**

July 6, 2006

**BACKGROUND:**

On April 8, 2004, plaintiff Louis Banks, a prisoner then incarcerated at the Adams County Adult Correctional Complex in Gettysburg, Pennsylvania, commenced pro se the instant lawsuit against the defendants Deb Percher, Connie Fretz, and Prime Care, and brought a cause of action under 42 U.S.C. § 1983. On or about May 10, 2004, the plaintiff filed a two-page hand-written document that the clerk's office captioned "Information to Amend the Original Complaint." (Rec. Doc. No. 8.) Plaintiff describes himself as a long-term diabetic who began to have numerous problems with his blood sugar after entering the Adams County Prison. He asserts that the defendants failed to properly regulate his diabetes despite

1

numerous opportunities to do so.

Previously, the court granted defendant Prime Care Medical Inc.'s unopposed motion to dismiss. On July 16, 2004, defendant Percher filed an answer to the complaint. Defendant Fretz has never entered an appearance.[1]

After granting several extensions of time in order to facilitate complete briefing, now before the court is defendant Percher's motion to dismiss or, in the alternative, motion for summary judgment filed on January 13, 2006. Also before the court is what we will construe as plaintiff's June 26, 2006 motion for a default judgment against defendant Fretz. Both of these motions will be dismissed as moot because for the following reasons we will dismiss the complaint as to both defendants for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

**DISCUSSION:**

### I. LEGAL STANDARD

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials/employees or entities and must dismiss the

---

[1] Defendant Fretz has not entered an appearance in the matter, but Banks alleges that Fretz was also an RN providing care at Adams County at all times relevant to his complaint. Not only has Fretz not entered an appearance, but also we note that the United States Marshals cannot provide proof of individual service.

complaints if they are frivolous, malicious, fail to state a claim upon which relief can be granted or seek monetary relief from a party who is immune from such relief. Other courts of appeals have found that this screening provision applies regardless of whether the prisoner paid the filing fee. Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (joining Fifth, Sixth, and Tenth Circuits). The screening provision is intended to be applied sua sponte, and is to be done as soon as practicable. Id.

A similar screening provision governs lawsuits involving prison conditions. That provision appears at 42 U.S.C. § 1997e. In relevant part that screening provision states:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1). That provision is also intended to be applied early in the litigation process. Unfortunately due to an oversight on our part that did not happen in this case. Nevertheless, the screening provisions are appropriate to apply to this case because it is a prisoner lawsuit regarding prison conditions and

against the prison's medical staff.

As an aside we note that even if we were to have jurisdiction over defendant Fretz, which we do not because there is no proof of her having been served, we could not enter a default judgment in favor of plaintiff because 42 U.S.C. § 1997e(g)(1) requires a reply be filed in prison condition suits in order for relief to be granted.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that since his incarceration at Adams County he has had numerous problems with his blood sugar. Plaintiff asserts in his complaint that both defendants Percher and Fretz had numerous opportunities to properly treat Banks's diabetes but failed. (Rec. Doc. No. 1, at 2.)

## III.  BANKS'S MEDICAL NEGLIGENCE CLAIM IS NOT ACTIONABLE

Banks's complaint asserts that Percher and Fretz, as nurses employed at the Adams County facility failed to adequately control his diabetes, despite numerous opportunities to properly regulate his blood sugar. Banks's claim is one of medical negligence which is not actionable against the defendants because it does not rise to "deliberate indifference" under the Eighth Amendment. Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979)); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976)

4

("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.")

**CONCLUSION:**

Because plaintiff's complaint fails as a matter of law, we will dismiss the complaint against both defendant Fretz and Percher pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.  Plaintiff's motion for default judgment as to defendant Fretz and defendant Percher's motion for summary judgment are dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The complaint is dismissed for failure to state a claim upon which relief can be granted as to both defendants pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1).

2. Plaintiff's motion for an entry of default judgment as to defendant Fretz (Rec. Doc. No. 38.) and defendant Percher's motion to dismiss or, in the alternative, motion for summary judgment are dismissed as moot.  (Rec. Doc. No. 29.)

3. The clerk is directed to close the case file.

        <u>s/ James F. McClure, Jr.</u>
        James F. McClure, Jr.
        United States District Judge